Douglas J. Pick, Esq.  Hearing Date: October 22, 2025
Eric C. Zabicki, Esq.  Time: 9:00 a.m.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x  Chapter 11
In re:  Case No. 25-11795 (JMP)
ELIZABETH LOWE,

                Debtor.
---------------------------------------------------------x

**DEBTOR'S STATEMENT: (A) IN OPPOSITION TO MOTION TO CONVERT HER CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7; AND (B) IN SUPPORT OF VOLUNTARY DISMISSAL OF HER CHAPTER 11 CASE**

TO THE HONORABLE JOHN P. MASTANDO III,
UNITED STATES BANKRUPTCY JUDGE:

       Elizabeth Lowe, the debtor and debtor-in-possession herein (the "Debtor"), by and through her undersigned proposed counsel, as and for her statement: (a) in opposition to the Motion ("Motion") of Gail Lowe Maidman LLC ("GLM") seeking entry of an Order, pursuant to § 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), converting the Debtor's chapter 11 case to a case under chapter 7; and (b) in support of the Debtor's request for voluntary dismissal of her chapter 11 case, respectfully represents and alleges as follows:

       1.    The Debtor respectfully submits that GLM has failed to demonstrate any meritorious grounds for the requested conversion of the Debtor's chapter 11 case to a case under chapter 7. In this respect, it is undisputed that, on August 18, 2025, the Debtor, who is 70 years old, acting *pro se* and without the assistance of bankruptcy counsel, filed a voluntary chapter 11 Petition with this Court. The purpose of such filing was to obtain time for the Debtor to refinance

her properties and thereby satisfy an unpaid secured corporate loan (that has since grown to an amount in excess of $2,000,000 and possibly in excess of $2,500,000[1]) made to the Debtor by her immediate family though GLM. It is equally undisputed that the chapter 11 case essentially constitutes a two-party dispute (*see* paragraph 79 to the Motion) between the Debtor and GLM since all other creditors are corporate creditors who are fully secured by the properties owned by E.L. 27 Realty LLC, a single-member limited liability company owned by the Debtor and/or the Debtor's property in Southampton New York.

2. The Debtor has since consulted with the undersigned and has agreed to the voluntary dismissal of her chapter 11 case. If this Court is not inclined to dismiss the chapter 11 case, the Debtor will immediately correct and address all of the filing deficiencies alleged in the Motion within a short period of time.[2]

3. Additionally, the Motion actually constitutes a disguised motion for relief from the automatic stay so as to allow GLM to continue its foreclosure action on all of the properties. This

---

[1] GLM asserts that an additional $500,000 is now owed because of the Debtor's "interference with the terms of a settlement agreement. (*See* para 28 to the Motion)

[2] Even assuming, for the sake of argument only, that the Court were to determine that GLM had established "cause" pursuant to §1112(b)(1) of the Bankruptcy Code, the Court need not convert or dismiss the Debtor's chapter 11 case. In this regard, §1112(b)(2) of the Bankruptcy Code provides, in relevant part:

> (2)    The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>
>   (i) for which there exists a reasonable justification for the act or omission; and
>   (ii) that will be cured within a reasonable period of time fixed by the court.

2

is supported by the fact the Motion predominantly, if not entirely, relies on a single argument of a "bad faith" filing by the (*pro se*) Debtor (*see* paragraphs 75 to 96 to the Motion) which filing has delayed and inconvenienced GLM from pursuing its State Court foreclosure action of the Debtor's Southampton property.

4.     GLM has further argued that conversion is warranted because the Debtor has not yet filed: (i) a listing of her personal assets but had instead filed a listing of the assets of her single member LLC (*see* paragraphs 88 and 97 to the Motion), (ii) a schedule of her creditors and a creditor matrix (*see* paragraph 95 to the Motion) only listing GLM and Bank of America as secured lenders against her Southhamptopn property (*see* paragraph 98 to the Motion) (ii) her Local Rule 1007-2 Affidavit (*see* paragraph 96 to the Motion) and (iv) her 2024 tax return (*see* paragraph 104 to the Motion).  These shortcomings can easily be corrected with the assistance of the undersigned as the Debtor's bankruptcy counsel.

5.     Notably, GLM asserts, without any evidentiary support, that creditors of the Debtor would be better served if the chapter 11 case was immediately converted to chapter 7 (*see* paragraph 111 to the Motion) without also saying the obvious, that this case constitutes a two-party family dispute that would serve no benefit to any creditor in the case except for GLM who acknowledges having spent "approximate $850,000 in legal fees" against the Debtor in pursuing its foreclosure action to date. (*See* paragraph 28, footnote 7 to the Motion).

6.     Based upon the foregoing, the Debtor respectfully requests that the Court enter an Order dismissing the Debtor's chapter 11 case or, alternatively, permitting the Debtor additional

3

time to formally retain bankruptcy counsel and promptly purse the administration of her chapter 11 case, and granting such other and further relief as may be just and proper.

Dated: New York, New York
October 15, 2025

                              **PICK & ZABICKI LLP**
                              Proposed Counsel to the Debtor

By:   */s/Douglas J. Pick*
        Douglas J. Pick, Esq.
        369 Lexington Avenue, 12th Floor
        New York, New York 10017
        (212) 695-6000